Kevin J. Gramling, Bar No. 188335
Christopher D. Holt, Bar No. 228399
KLINEDINST PC
4 Hutton Centre Drive, Suite 675
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
kgramling@klinedinstlaw.com
cholt@klinedinstlaw.com

Attorneys for Defendant
LVNV FUNDING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE R. PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC,<br><br>Defendant. | Case No.   08 CV 1171 JLS NLS<br><br>**LVNV FUNDING, LLC.'S ANSWER TO COMPLAINT**<br><br>Judge:             Janis L. Sammartino<br>Magistrate Judge: Nita Stormes<br>Complaint Filed: July 1, 2008<br>Trial Date:         None set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant LVNV FUNDING, LLC ("LVNV"), as and for its Answer to the Complaint of Dale R. Peterson ("Plaintiff") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein..

I.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1.      In response to Paragraph 1 of Plaintiff's Complaint, LVNV states that the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the FDCPA or case law interpreting the FDCPA.  To all other extents,

1  LVNV has insufficient information and knowledge to either admit or deny the allegations
2  set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of
3  proof.
4        2.     In response to Paragraph 2 of Plaintiff's Complaint, LVNV states that the
5  Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA")
6  speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent
7  with or otherwise misinterprets the RFDCPA or case law interpreting the RFDCPA.  To
8  all other extents, LVNV has insufficient information and knowledge to either admit or
9  deny the allegations set forth therein and therefore denies the same and puts Plaintiff to
10  his strictest burden of proof.
11        3.     In response to Paragraph 3 of Plaintiff's Complaint, LVNV admits that
12  Plaintiff has brought this action alleging violations of the FDCPA and RFDCPA, but
13  denies all other allegations.
14        4.     In response to Paragraph 4 of Plaintiff's Complaint, LVNV has insufficient
15  information and knowledge to either admit or deny the allegations set forth therein and
16  therefore denies the same and puts Plaintiff to his strictest burden of proof.
17        5.     In response to Paragraph 5 of Plaintiff's Complaint, LVNV admits that the
18  referenced statutes reference jurisdiction, but LVNV denies that jurisdiction is
19  appropriate as it has not violated any law.
20        6.     LVNV denies the allegations set forth in Paragraph 6 of Plaintiff's
21  Complaint.
22        7.     LVNV denies the allegations set forth in Paragraph 7 of Plaintiff's
23  Complaint.
24        8.     LVNV denies the allegations set forth in Paragraph 8 of Plaintiff's
25  Complaint.
26        9.     In response to Paragraph 9 of Plaintiff's Complaint, LVNV has insufficient
27  information and knowledge to either admit or deny the allegations set forth therein and
28  therefore denies the same and puts Plaintiff to his strictest burden of proof.

KLINEDINST PC
4 HUTTON CENTRE DRIVE, STE. 675
SANTA ANA, CALIFORNIA 92707

10. In response to Paragraph 10 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

11. LVNV denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. LVNV denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. LVNV denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. In response to Paragraph 14 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

15. In response to Paragraph 15 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

16. LVNV denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. In response to Paragraph 17 of Plaintiff's Complaint, LVNV admits upon information and belief that Plaintiff incurred a financial obligation, which is currently owned by LVNV. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

18. In response to Paragraph 18 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

19. In response to Paragraph 19 of Plaintiff's Complaint, LVNV admits upon information and belief that Plaintiff incurred a debt. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth

therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

20. In response to Paragraph 20 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

21. LVNV denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. LVNV denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. In response to Paragraph 23 of Plaintiff's Complaint, LVNV admits upon information and belief that a lawsuit was brought against Plaintiff on its behalf. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

24. In response to Paragraph 24 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

25. In response to Paragraph 25 of Plaintiff's Complaint, LVNV has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof

26. LVNV denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. LVNV denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. LVNV denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. LVNV denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. LVNV denies the allegations set forth in Paragraph 30 of Plaintiff's

1  Complaint.

2  31.    LVNV denies the allegations set forth in Paragraph 31 of Plaintiff's
3  Complaint.

4  32.    In response to Paragraph 32 of Plaintiff's Complaint, LVNV adopts by
5  reference paragraphs 1 through 31 of this Answer.

6  33.    LVNV denies the allegations set forth in Paragraph 33 of Plaintiff's
7  Complaint.

8  34.    LVNV denies the allegations set forth in Paragraph 34 of Plaintiff's
9  Complaint.

10 35.    In response to Paragraph 35 of Plaintiff's Complaint, LVNV adopts by
11 reference paragraphs 1 through 34 of this Answer.

12 36.    LVNV denies the allegations set forth in Paragraph 36 of Plaintiff's
13 Complaint.

14 37.    LVNV denies the allegations set forth in Paragraph 37 of Plaintiff's
15 Complaint

16 38.    In response to Paragraph 38 of Plaintiff's Complaint, LVNV admits that
17 Plaintiff demand a trial by jury but denies that a trial by jury is appropriate as it has not
18 violated any law.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

LVNV's actions or omissions have not been willful, to the extent that they violate California or federal law, which LVNV denies.

### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and

including the whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or reduced according to law.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of LVNV.

### SIXTH DEFENSE

Plaintiff's action against LVNV is barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

Any damage to Plaintiff, which LVNV denies, is due to the acts or omissions of Plaintiff and/or third parties and LVNV is not liable for said acts, omissions or alleged damages.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

### NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

### TENTH DEFENSE

Plaintiff's claims are barred by his lack of standing.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of his contracts with his underlying creditors.

### TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

///

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

### SIXTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### SEVENTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code sections 1692 et seq., or the Rosenthal Fair Debt Collection Practices Act, California Code sections 1788 et seq., if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### EIGHTEENTH DEFENSE

Plaintiff suffered no damage from the alleged violations by LVNV and therefore is not entitled to any award of damages, attorneys' fees or costs.

### NINETEENTH DEFENSE

LVNV was not a debt collector as defined under California or federal law, in regard to the instant matter.

### TWENTIETH DEFENSE

All of LVNV's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

### TWENTY-FIRST DEFENSE

LVNV may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that LVNV does not have copies of

certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that LVNV may share some responsibility. LVNV therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## III.

## PRAYER FOR RELIEF

WHEREFORE, LVNV prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;

2. Awarding its reasonable costs and attorneys' fees; and

3. Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

Dated: July 29, 2008    By: _____
KEVIN J. GRAMLING
CHRISTOPHER D. HOLT
Attorneys for Defendant
LVNV FUNDING, LLC

668045v1

- 1 -

Kevin J. Gramling, Bar No. 188335
Christopher D. Holt, Bar No. 228399
KLINEDINST PC
4 Hutton Centre Drive, Suite 675
Santa Ana, California  92707
(714) 542-1800/FAX (714) 542-3592
kgramling@klinedinstlaw.com
cholt@klinedinstlaw.com

Attorneys for Defendant
LVNV FUNDING, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE R. PETERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING, LLC,<br><br>　　　　　Defendant. | Case No.　08 CV 1171 JLS NLS<br><br>**CERTIFICATE OF SERVICE**<br><br>Judge:　　　　　　　Janis L. Sammartino<br>Magistrate Judge:　Nita Stormes<br>Complaint Filed:　　July 1, 2008<br>Trial Date:　　　　　None set |

- 1 -

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                      )
COUNTY OF ORANGE      )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Orange, California, and my business address is 4 Hutton Centre Drive, Suite 675, Santa Ana, California 92707.

On **July 29, 2008**, I caused to be served the following documents:

**LVNV FUNDING, LLC.'S ANSWER TO COMPLAINT**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Santa Ana, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. 5(b)(2)(D), my electronic business address is cgagne@klinedinstlaw.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

  ☐ By personally delivering the copies;

  ☐ By leaving the copies at the attorney's office;

    ☐ With a receptionist, or with a person having charge thereof; or

    ☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

- 2 -

☐   By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 29, 2008, at Santa Ana, California.

*/s/ Carrie L. Gagne*
Carrie L. Gagne

Service List
Peterson v. LVNV Funding, LLC
194-5013

| Joshua B. Swigart, Esq.<br>Robert L. Hyde, Esq.<br>HYDE & SWIGART<br>411 Camino Del Rio South. Suite 301<br>San Diego, CA 92108-3551<br>Josh@westcoastlitigation.com<br>bob@westcoastlitigation.com | T: (619) 233-7770<br>F: (619) 297-1022<br><br><br>Attorneys for Plaintiff<br>Dale R. Peterson |
|---|---|

668044v1

- 4 -

**CERTIFICATE OF SERVICE**
08 CV 1171 JLS NLS